FRITZ CLAPP   (Bar No. 99197)
Attorney at Law
P.O. Box 2517
Beverly Hills, CA  90213
Telephone:   888-292-5784
Facsimile:    888-467-2341
E-mail:         <mail@fritzclapp.com>

Attorney for Plaintiff
HELLS ANGELS MOTORCYCLE CORPORATION

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HELLS ANGELS MOTORCYCLE CORPORATION**, <br><br> Plaintiff, <br><br> v. <br><br> **YOUNG JEEZY 8732 APPAREL, LTD., DILLARDS, INC.,** <br> **and DOES 1 through 20,** <br><br> Defendants. | Case No. 2:13−CV−02242−WBS−DAD <br><br> **FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND DILUTION** <br><br> **(INJUNCTIVE RELIEF SOUGHT)** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, HELLS ANGELS MOTORCYCLE CORPORATION, by and through its undersigned attorney, hereby amends its complaint pursuant to Fed. R. Civ. P. 15(a) and alleges as follows:

### JURISDICTION

1.     This action arises under the Trademark Act of 1946 (the Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051 *et seq.*).  This court has jurisdiction over such claims pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), and 15 U.S.C. § 1121(a) (Lanham Act).

## VENUE

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims herein occurred in this District and because the Defendants are found and conduct business within this District.

## INTRADISTRICT ASSIGNMENT

3. This action arises from acts committed by Defendants and causing damages within San Joaquin County, California, and accordingly it is commenced in Sacramento, California, pursuant to L.R. 120(d).

## PARTIES

4. Plaintiff HELLS ANGELS MOTORCYCLE CORPORATION ("HAMC") is a non-profit mutual benefit corporation organized and existing under the laws of the State of California. Plaintiff HAMC is the owner of the trademarks described herein, which it maintains and administers on behalf of, and for the benefit of, the Hells Angels Motorcycle Club.

5. Defendant YOUNG JEEZY 8732 APPAREL, LTD. ("8732 APPAREL") is a limited liability company organized and existing under the laws of the State of Delaware. Defendant 8732 APPAREL manufactures, distributes and sells apparel directly to the public and through other retailers. Defendant 8732 APPAREL conducts business within this District and throughout the United States via the Internet website <8732apparel.com>.

6. Defendant DILLARD'S, INC. ("DILLARD'S") is a corporation organized and existing under the laws of the State of Delaware. Defendant DILLARD'S is a national retail chain, and conducts business within this District at its store located at 4950 Pacific Avenue, Stockton, CA 95207, in San Joaquin County, California. Defendant DILLARD'S also conducts business within this District and throughout the United States via the Internet website <dillards.com>.

7. On information and belief, DOES 1 through 20, inclusive, are persons and entities of unknown form who have commissioned, created, fabricated, displayed, distributed and/or sold the infringing items of Defendant 8732 APPAREL complained of

herein. Plaintiff will amend this complaint when the true names and capacities of said defendants have been ascertained.

### PLAINTIFF'S MARKS

8.  Plaintiff HAMC and its predecessor in interest, an unincorporated association known as the Hells Angels Motorcycle Club, have continuously employed the design mark depicting a skull with wings (the "HAMC Death Head") as a collective membership mark, trademark and service mark used in connection with the promotion, advertising, conduct and expansion of a motorcycle club, including indicia of membership; on authorized items such as patches, jewelry and apparel for members only; and in connection with promotional and entertainment services.

9.  Plaintiff HAMC and its licensees have continuously employed a composite design mark consisting of the HAMC Death Head and the HELLS ANGELS word mark in a distinctive arrangement (the "HAMC Patch Design") exclusively as a collective membership mark indicating active membership in the elite organization.

10. From more than half a century of continuous and conspicuous usage, both the HAMC Death Head and the HAMC Patch Design (the "HAMC Marks") are famous. The HAMC Marks are widely known and recognized by the public as indicating the Hells Angels Motorcycle Club. Plaintiff HAMC and its predecessors in interest have exercised legitimate control over the membership, trade and service uses of the HAMC Marks by the duly authorized affiliates and licensees, and have been diligent and successful in abating the use of the HAMC Marks by unauthorized third parties.

11. Plaintiff HAMC is the owner of United States trademark registrations for the HAMC Marks, including the following as further described in Exhibit A attached hereto:

   a. Reg. Nos. 1,301,050 and 1,136,494 – for the HAMC Patch Design as a collective membership mark; and

   b. Reg. Nos. 2,588,116, 3,311,549, and 3,311,550 – for the HAMC Death Head design as a collective membership mark and trademark.

12. Plaintiff's registrations for the HAMC Marks have become incontestible under

15 U.S.C. §1065. These registrations are, therefore, conclusive evidence of Plaintiff's exclusive right to use the HAMC Marks. Actual use of the HAMC Marks is shown on Exhibit B attached hereto.

13. From decades of notoriety, the HAMC Marks have acquired very widespread public recognition; consequently they evoke strong and immediate reactions whenever used. The impact of these marks is virtually incomparable, and as a result they have great commercial value. Defendants seek to exploit that value for their own gain.

## DEFENDANTS' INFRINGEMENTS

14. Defendants 8732 APPAREL, DILLARD'S, and DOES 1 through 20, have designed, manufactured, distributed and/or sold hats, shirts and vests (hereinafter the "infringing items") that bear a design confusingly similar to the HAMC Marks, as shown on Exhibit C attached hereto and incorporated by this reference.

15. Defendants have obtained substantial profits from their infringement and exploitation of the HAMC Marks as herein alleged.

16. The actions of Defendants, and each of them, have caused and will cause Plaintiff HAMC irreparable harm for which money damages and other remedies are inadequate. Unless Defendants, and each of them, are restrained by this Court, they will continue and/or expand the illegal activities alleged in this Complaint and otherwise continue to cause great and irreparable damage and injury to Plaintiff. Accordingly, in addition to other relief sought, Plaintiff HAMC is entitled to preliminary and permanent injunctive relief against Defendants 8732 APPAREL, DILLARD'S, and DOES 1 through 20, and all persons acting in concert with them.

## FIRST CLAIM
**Federal Trademark Infringement**
**(Lanham Act § 32 – 15 U.S.C. §§ 1114-1117)**

17. Plaintiff HAMC realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 16 of this Complaint.

18. Without consent of Plaintiff HAMC, Defendants 8732 APPAREL, DILLARD'S and DOES 1 through 20, and each of them, have used, in connection with the

sale, offering for sale, distribution or advertising of the infringing items, designs that infringe upon the HAMC Marks.

19. These acts of infringement have been committed with the intent to cause confusion, mistake or deception, and are in violation of 15 U.S.C. § 1114.

20. As a direct and proximate result of the infringing activities of Defendants 8732 APPAREL, DILLARD'S and DOES 1 through 20, and each of them, Plaintiff HAMC has suffered substantial damage.

21. Defendants' infringement of the HAMC Marks as alleged herein is an exceptional case and was intentional, entitling Plaintiff HAMC to treble the actual damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

**SECOND CLAIM**
**Federal Unfair Competition**
**(Lanham Act § 43(a) – 15 U.S.C. § 1125(a))**

22. Plaintiff HAMC realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 21 of this Complaint.

23. Defendants' conduct constitutes the use of words, symbols or devices tending falsely to describe the infringing items, within the meaning of 15 U.S.C. § 1125(a)(1). Defendants' conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of the infringing items to the detriment of Plaintiff HAMC and in violation of 15 U.S.C. § 1125(a)(1).

24. As a direct and proximate result of the infringing activities of Defendants 8732 APPAREL, DILLARD'S and DOES 1 through 20, and each of them, Plaintiff HAMC has suffered substantial damage.

**THIRD CLAIM**
**Federal Dilution of Famous Mark**
**(Federal Trademark Dilution Act of 1995)**
**(Lanham Act § 43(c) – 15 U.S.C. § 1125(c))**

25. Plaintiff HAMC realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 24 of this Complaint.

26. The HAMC Marks are distinctive and famous within the meaning of the

Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c), as amended.

27. Defendants' activities have diluted or are likely to dilute the distinctive quality of the HAMC Marks in violation of 15 U.S.C. § 1125(c), as amended.

28. Plaintiff HAMC is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

29. Because Defendants willfully intended to trade on Plaintiff HAMC's reputation or to cause dilution of the HAMC Marks, Plaintiff HAMC is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff HAMC prays that this Court grant it the following relief:

a.) Adjudge that the HAMC Marks have been infringed by Defendants in violation of the rights of Plaintiff HAMC under 15 U.S.C. § 1114;

b.) Adjudge that Defendants have competed unfairly with Plaintiff HAMC in violation of its rights under 15 U.S.C. § 1125(a);

c.) Adjudge that Defendants' activities are likely to, or have, diluted the famous HAMC Marks in violation of the rights of Plaintiff HAMC under 15 U.S.C. § 1125(c);

d.) Adjudge that Defendants, their subsidiaries, parent and affiliated companies, successors, assigns, agents, and employees, and all others acting for, with, by, through or in concert with Defendants, shall be enjoined and restrained at first during the pendency of this action and thereafter permanently from using the HAMC Marks, and any other mark, word, name or symbol that is likely to cause confusion with, or cause dilution of, the HAMC Marks;

e.) Adjudge that Defendants be required immediately to recall and sequester their inventories of the infringing items, and to supply an accounting of such inventories to Plaintiff HAMC's counsel;

f.) Adjudge that Defendants be required to deliver their entire inventories of the infringing items to a mutually selected third party for supervised destruction;

g.) Adjudge that Defendants, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon counsel for Plaintiff

1  HAMC a written report under oath setting forth in detail the manner in which they have
2  complied with the judgment;
3       h.)    Adjudge that Plaintiff HAMC recover from Defendants its damages in an
4  amount to be proven at trial;
5       i.)    Adjudge that Defendants be required to account for any profits that are
6  attributable to its illegal acts, and that Plaintiff HAMC be awarded three times Defendants'
7  profits under 15 U.S.C. § 1117, plus prejudgment interest;
8       j.)    Order an accounting of and impose a constructive trust on all of Defendants'
9  funds and assets that arise out of Defendants' infringing activities;
10      k.)    Adjudge that Defendants be required to pay exemplary damages for fraud,
11 malice and gross negligence, whether grounded on proof of actual damages or on proof of
12 unjust enrichment;
13      l.)    Adjudge that Plaintiff HAMC be awarded the costs of this action, together
14 with reasonable attorney's fees and disbursements; and
15      m.)    Adjudge that all such other and further relief be awarded to Plaintiff HAMC as
16 the Court deems just and equitable.

17 Dated: November 19, 2013

18                                    _____
19                                    FRITZ CLAPP
                                      Attorney for Plaintiff HELLS ANGELS
20                                    MOTORCYCLE CORPORATION

21                              **JURY DEMAND**

22      Plaintiff hereby demands trial by jury of all issues triable herein, pursuant to Fed. R.
23 Civ. P. 38(b).

24 Dated: November 19, 2013

25                                    _____
                                      FRITZ CLAPP
26                                    Attorney for Plaintiff HELLS ANGELS
                                      MOTORCYCLE CORPORATION
27
28

## HAMC MARKS

| *Mark* | *Goods/Services [Int. Class]* | *Reg. No.* |
|---|---|---|
| (Hells Angels winged skull with MC) | Membership in a motorcycle club [200] | **1,301,050** |
| (Hells Angels winged skull) | Membership in an association of motorcycle drivers [200] | **1,136,494** |
| (winged skull) | Membership in a motorcycle club [200] | **2,588,116** |
| | Embroidered patches for clothing; ornamental cloth patches; belt buckles [026] | **3,311,549** |
| | Clocks; pins and rings [014] | **3,311,550** |

# EXHIBIT A



**EXHIBIT B**






# EXHIBIT C