1 Scott P. Shaw, Bar No. 223592
sshaw@calljensen.com
2 John T. Egley, Bar No. 232545
jegley@calljensen.com
3 Samuel G. Brooks, Bar No. 272107
sbrooks@calljensen.com
4 CALL & JENSEN
A Professional Corporation
5 610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
6 Tel: (949) 717-3000
Fax: (949) 717-3100
7

8 Attorneys for Defendants Young Jeezy 8732 Apparel, Ltd.
and Dillard's, Inc.
9

10

11 **UNITED STATES DISTRICT COURT**

12 **EASTERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| 14 HELLS ANGELS MOTORCYCLE CORPORATION, | Case No. 2:13-CV-02242-WBS-DAD |
| 15 Plaintiff, | **ANSWER OF DEFENDANT YOUNG JEEZY 8732 APPAREL, LTD. TO THE FIRST AMENDED COMPLAINT** |
| 16 | |
| 17 vs. | |
| 18 YOUNG JEEZY 8732 APPAREL, LTD., DILLARDS, INC., and DOES 1 through | **DEMAND FOR JURY TRIAL** |
| 19 20, | |
| 20 Defendants. | |
| 21 | Complaint Filed: October 27, 2013 |
| 22 | Trial Date: None Set |

23

24

25        Defendant Young Jeezy 8732 Apparel, Ltd. ("Answering Defendant") hereby

26 answers the First Amended Complaint ("Complaint") as follows. Each numbered

27 paragraph in this Answer responds to the factual allegations in the corresponding

28 numbered paragraph in the Complaint. Unless specifically admitted, all factual

allegations in the Complaint are denied, and all legal contentions in the Complaint are disputed.

## ANSWER TO ALLEGATIONS REGARDING JURISDICTION

1.      Answering Defendant admits that the Complaint purports to allege claims arising under the Lanham Act. As such, Answering Defendant admits that this court has subject matter jurisdiction.

## ANSWER TO ALLEGATIONS REGARDING VENUE

2.      Answering Defendant denies the allegations in this paragraph.

## ANSWER TO ALLEGATIONS REGARDING INTRADISTRICT ASSIGNMENT

3.      Answering Defendant denies the allegations in this paragraph.

## ANSWER TO ALLEGATIONS REGARDING PARTIES

4.      Answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, and on that basis denies these allegations.

5.      Answering Defendant states that it is a New York corporation. Answering Defendant denies the remaining allegations in this paragraph.

6.      Answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, and on that basis denies these allegations.

7.      Answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, and on that basis denies these allegations.

## ANSWER TO ALLEGATIONS REGARDING PLAINTIFF'S MARKS

8.      Answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, and on that basis denies these allegations.

9.     Answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, and on that basis denies these allegations.

10.    Answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, and on that basis denies these allegations.

11.    Answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, and on that basis denies these allegations.

12.    Answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, and on that basis denies these allegations.

13.    Answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, and on that basis denies these allegations.

## ANSWER TO ALLEGATIONS REGARDING DEFENDANTS' INFRINGEMENTS

14.    Answering Defendant denies the allegations in this paragraph.

15.    Answering Defendant denies the allegations in this paragraph.

16.    Answering Defendant denies the allegations in this paragraph.

## ANSWER TO ALLEGATIONS REGARDING FIRST CLAIM
### For Federal Trademark Infringement

17.    Answering Defendant incorporates the responses in the preceding paragraphs to the same extent the Complaint incorporates the allegations in the preceding paragraphs of the Complaint.

18.    Answering Defendant denies the allegations in this paragraph.

19.    Answering Defendant denies the allegations in this paragraph.

20.    Answering Defendant denies the allegations in this paragraph.

21.    Answering Defendant denies the allegations in this paragraph.

CALL & JENSEN
EST. 1981

## ANSWER TO ALLEGATIONS REGARDING SECOND CLAIM

### For Federal Unfair Competition

22.     Answering Defendant incorporates the responses in the preceding paragraphs to the same extent the Complaint incorporates the allegations in the preceding paragraphs of the Complaint.

23.     Answering Defendant denies the allegations in this paragraph.

24.     Answering Defendant denies the allegations in this paragraph.

## ANSWER TO ALLEGATIONS REGARDING THIRD CLAIM

### For Federal Dilution of Famous Mark

25.     Answering Defendant incorporates the responses in the preceding paragraphs to the same extent the Complaint incorporates the allegations in the preceding paragraphs of the Complaint.

26.     Answering Defendant denies the allegations in this paragraph.

27.     Answering Defendant denies the allegations in this paragraph.

28.     Answering Defendant denies the allegations in this paragraph.

29.     Answering Defendant denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

Answering Defendant alleges the following affirmative defenses. Answering Defendant's investigation of the allegations in this matter is not complete, and Answering Defendant reserves the right to assert additional defenses as facts supporting them may became known during the course of investigation and discovery. Answering Defendant will seek leave to amend this Answer at such time as any further affirmative defenses are discovered.

/ / /

/ / /

/ / /

ANSWER OF DEFENDANT YOUNG JEEZY 8732 APPAREL, LTD. TO THE FIRST AMENDED COMPLAINT

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.     The Complaint, and each and every claim for relief therein, fails to allege facts sufficient to state a claim for relief against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.     The Complaint, and each and every claim for relief therein, is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

3.     Plaintiff's claims are barred by the doctrine of laches in that Plaintiff has unreasonably delayed in bringing this action by failing to exercise reasonable diligence, and this delay has prejudiced Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4.     Plaintiff's claims are barred by the doctrine of unclean hands because Plaintiff has supplied false information to the United States Patent & Trademark Office and/or has sought to deceive consumers, or has acted inequitably in some other manner that is related to the subject matter of Plaintiff's claims.

## FIFTH AFFIRMATIVE DEFENSE

### (Release, Waiver, and Estoppel)

5.     Plaintiff's claims are barred by the doctrines of release, waiver, and estoppel for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

ANSWER OF DEFENDANT YOUNG JEEZY 8732 APPAREL, LTD. TO THE FIRST AMENDED COMPLAINT

1

## SIXTH AFFIRMATIVE DEFENSE

## (Acquiescence)

6.    Plaintiff's claims are barred by the doctrine of acquiescence in that Plaintiff acquiesced to the alleged infringement.

## SEVENTH AFFIRMATIVE DEFENSE

## (Not Distinctive)

7.    Plaintiff's claims for infringement of trademark, dilution of trademark, and unfair competition are barred on the grounds that Plaintiff's alleged mark is not inherently distinctive, and has not acquired distinctiveness.

## EIGHTH AFFIRMATIVE DEFENSE

## (First Amendment – Parody)

8.    Plaintiff's claim for infringement of trademark, dilution of trademark, and unfair competition are barred on the grounds that Defendant has a right under the First Amendment of the United States Constitution to parody the Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

## (Failure to Mitigate Damages)

9.    Plaintiff's claims are barred by its failure to mitigate damages. Accordingly, any damages awarded to Plaintiff should be barred or reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

## (No Damages – Innocent Intent)

10.    Plaintiff has not sustained any injury or damage as a result of any act or conduct of Defendant, and Defendant has at all times acted with innocent intent in that

ANSWER OF DEFENDANT YOUNG JEEZY 8732 APPAREL, LTD. TO THE FIRST AMENDED COMPLAINT

1  Defendant acted in good faith, innocent of any knowledge or intent to infringe
2  Plaintiff's purported rights or to cause damage to Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE
### (1st Amendment/Fair Use – *Rogers* Test)

6      11.    Defendant's use of the alleged trademark at issue is not actionable, because
7  Defendant's use is artistically relevant to the Defendant's products, and its artistic use
8  does not mislead as to the source of origin of the products.

### TWELFTH AFFIRMATIVE DEFENSE
### (Misuse of Trademark)

12      12.    Upon information and belief, Plaintiff's claims are barred because of its
13  anti-competitive intent and conduct, its misuse of its purported trademarks, and its
14  abuse of the judicial process for which a reasonable opportunity for investigation or
15  discovery is likely to provide evidentiary support.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Consent)

19      13.    Upon information and belief, Plaintiff's claims are barred and recovery is
20  barred or limited by the doctrine of consent in that Plaintiff consented to the acts it now
21  complains of for which a reasonable opportunity for investigation or discovery is likely
22  to provide evidentiary support.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

26      14.    Upon information and belief, Defendant alleges that other persons or
27  entities, the true names and capacities of whom and which Defendant is ignorant, were

ANSWER OF DEFENDANT YOUNG JEEZY 8732 APPAREL, LTD. TO THE FIRST AMENDED COMPLAINT

in some manner responsible for, or otherwise at fault for, the allegations alleged in Plaintiff's Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Abandonment)

15.    Plaintiff's trademark infringement, false designation of origin, dilution and unfair competition claims are abandoned due to lack of continuous trademark usage of the mark at issue for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Non Infringement)

16.    Defendant asserts that the garments at issue do not infringe on any marks purported owned and/or attributed to Plaintiff, particularly as the garments do not contain a border with the words "Hell's Angels" in the allegedly infringing designs.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Fraud in Obtaining Trademark Registration)

17.    Plaintiff's claims for trademark infringement, trademark dilution, and unfair competition are barred on the grounds that, in connection with its application for registration, Plaintiff made a false representation regarding a material fact, with knowledge that the representation was false, and with the intent to deceive the U.S. Patent and Trademark Office. The USPTO reasonably relied on the misrepresentation and registered a trademark which was not entitled to registration, which resulted in damage to Defendant for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

ANSWER OF DEFENDANT YOUNG JEEZY 8732 APPAREL, LTD. TO THE FIRST AMENDED COMPLAINT

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Ornamental Use)

18.     Defendant is not liable for trademark infringement, false designation of origin, dilution and unfair competition claims because Defendant's use of the design at issue is purely for aesthetic purposes and consumers merely recognize the design for its attractiveness and not as an identification of source of origin.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Generic)

19.     Plaintiff's asserted mark is invalid because it is a common and generic symbol and is not entitled to protection, or it has become generic due to extensive third party use for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Right to Assert Additional Defenses)

20.     Defendant reserves the right to allege additional affirmative defenses as they may become known, or as they evolve during the litigation, and to amend this Answer accordingly.

## PRAYER FOR RELIEF

Wherefore, Answering Defendant prays for judgment as follows:

1.     That judgment be entered in favor of Defendant, and against Plaintiff, on all causes of action alleged in the Complaint;

2.     That Defendant be awarded its respective costs of suit in this matter, including reasonable attorneys' fees; and

ANSWER OF DEFENDANT YOUNG JEEZY 8732 APPAREL, LTD. TO THE FIRST AMENDED COMPLAINT

3. For such other and further relief as the Court may deem just and proper.

Dated: February 3, 2014

CALL & JENSEN
A Professional Corporation
Scott P. Shaw
John T. Egley
Samuel G. Brooks


By: _/s/ John T. Egley_
     John T. Egley

Attorneys for Defendant Defendants Young Jeezy 8732 Apparel, Ltd. and Dillard's, Inc.

## DEMAND FOR JURY TRIAL

Defendant Young Jeezy 8732 Apparel Ltd. hereby demands a jury trial pursuant to FRCP 38 on all issues raised in the Complaint.


Dated: February 3, 2014

CALL & JENSEN
A Professional Corporation
Scott P. Shaw
John T. Egley
Samuel G. Brooks


By: _/s/ John T. Egley_
     John T. Egley

Attorneys for Defendants Young Jeezy 8732 Apparel, Ltd. and Dillard's, Inc.

ANSWER OF DEFENDANT YOUNG JEEZY 8732 APPAREL, LTD. TO THE FIRST AMENDED COMPLAINT

# CERTIFICATE OF SERVICE
### (United States District Court)

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On February 3, 2014, I have served the foregoing document described as **ANSWER OF DEFENDANT YOUNG JEEZY 8732 APPAREL, LTD. TO THE FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** on the following person(s) in the manner(s) indicated below:

### SEE ATTACHED SERVICE LIST

**[ X ]   (BY ELECTRONIC SERVICE)**  I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

**[  ]   (BY MAIL)**  I am familiar with the practice of Call & Jensen for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call & Jensen, Newport Beach, California, following ordinary business practices.

**[  ]   (BY OVERNIGHT SERVICE)**  I am familiar with the practice of Call & Jensen for collection and processing of correspondence for delivery by overnight courier.  Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Call & Jensen, Newport Beach, California, following ordinary business practices.

**[  ]   (BY FACSIMILE TRANSMISSION)**  On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein.  The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

**[  ]   (BY E-MAIL)**  I transmitted the foregoing document(s) by e-mail to the addressee(s) at the e-mail address(s) indicated.

1    **[ X ]**    (FEDERAL) I declare that I am a member of the Bar and a registered Filing User

2    for this District of the United States District Court.

3    **[ ]**    (FEDERAL) I declare that I am employed in the offices of a member of this

     Court at whose direction the service was made.

4

5        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Certificate is executed on February 3,

6    2014, at Newport Beach, California.

7

8                          */s/ John T. Egley*

                            John T. Egley

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALL&
JENSEN

1

**SERVICE LIST**

2

Fritz Clapp, Esq.                              **Attorneys for**
3    Attorney at Law
P.O. Box 2517                                  **Plaintiff Hells Angels Motorcycle**
4    Beverly Hills, CA 90213                        **Corporation**
Tel: (888) 292-5784
5    Fax: (888) 467-2341
mail@fritzclapp.com
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28